# UNITED STATES DISTRICT COURT
### District of New Mexico

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Jorge Lozoya** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:09CR02969-002JB** |
| | USM Number: **48730-051** |
| | Defense Attorney: **Kenneth Gleria, Appointed** |

THE DEFENDANT:

☒  pleaded guilty to count(s) **2 and 3 of Indictment**
☐  pleaded nolo contendere to count(s)  which was accepted by the court.
☐  after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 841(b)(1)(B) | Distribution of 5 Grams and More of Cocaine Base | 08/21/2009 | 2 |
| 21 U.S.C. Sec. 841(b)(1)(B) | Distribution of 5 Grams and More of Cocaine Base | 09/03/2009 | 3 |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count .
☒  Count **s 1, 4 and 5** are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**February 28, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**April 21, 2011**
Date Signed

Defendant: **Jorge Lozoya**
Case Number: **1:09CR02969-002JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **37 months** .

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence. A term of 37 months is imposed as to each of Counts 2 and 3; said terms shal run concurrently for a total term of 37 months.**

**The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Defendant Jorge Lozoya on October 18, 2010. In the PSR, the USPO calculated Lozoya`s offense level to be 23 and his criminal history category to be I, establishing a guideline imprisonment range of 46 to 57 months. Following amendments to the sentencing guidelines drug quantity table, which affected Lozoya`s offense level, the USPO redisclosed Lozoya`s PSR on February 8, 2011. In the redisclosed PSR, the USPO calculated Lozoya`s offense level to be 21 and his criminal history category to be I, establishing a guideline imprisonment range of 37 to 46 months. The Court adopts the PSR`s factual findings.**

**The redisclosed PSR includes in its sentencing calculation a minor role adjustment for Lozoya based on the parties` plea agreement. The PSR states that this adjustment does not appear to be warranted, because Lozoya was the right hand man to his co-Defendant and he attended all three drug transactions involved in this case. At the hearing, the parties stated that the basis for the adjustment was that Lozoya was subordinate to the head of the co-Defendants. The Court believes that it stretches the minor role adjustment too far to allow anyone who is not the head of an organization to qualify. Lozoya was not a courier or a one-time lookout. Lozoya appears to be an average participant here and not substantially less culpable than his co-Defendants. The Court, therefore, does not accept the parties` stipulation. The Court adopts the PSR`s guideline calculations, other than the minor role adjustment, producing an offense level to be 23 and a criminal history category of I, establishing a guideline imprisonment range of 46 to 57 months.**

**While the Court does not believe that a minor role adjustment is justified, the Court believes the variance downward to the level that the parties had negotiated is warranted in this case. The Court notes that Lozoya, along with two Co-Defendants, knowingly and intentionally distributed 244.5 net weight grams of cocaine, and 156.2 net grams of cocaine base. The Court has considered carefully the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Lozoya`s offense. The Court has considered Lozoya`s subordinate role. He was less culpable than at least one of his co-Defendants. The Court has also considered Lozoya`s acceptance of responsibility and his truthful safety-valve statements. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court finds that it is more appropriate to treat this like an offense level 21, and a range of a sentence of 37 to 46 months. While the Court does not believe that Lozoya was a minor participant in the crime, the Court also does not believe that 37 months is an appropriate sentence for this crime. The Court believes a sentence of 37 months, at the low end of that range, adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable. Finally, the Court believes Lozoya`s criminal history is adequately reflected in this sentence, and that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act.**

☐ The court makes the following recommendations to the Bureau of Prisons:


☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at   on

☐    as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 2 p.m. on

    ☐    as notified by the United States Marshal

    ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


_____

UNITED STATES MARSHAL

By _____

DEPUTY UNITED STATES MARSHAL

Defendant: **Jorge Lozoya**
Case Number: **1:09CR02969-002JB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years unsupervised**.

**A term of 3 years is imposed as to each of Counts 2 and 3; said terms shall run concurrently for a total term of 3 years.**
The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Jorge Lozoya**
Case Number: **1:09CR02969-002JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not reenter the United States without legal authorization.**

Defendant: **Jorge Lozoya**
Case Number: **1:09CR02969-002JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | $200.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A ☒ In full immediately; or

B ☐ $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.